**UNITED STATES of America**

**v.**

**Carlos SALTARES, Defendant.**

**No. 03 CR.1432 VM.**

United States District Court,
S.D. New York.

Feb. 3, 2004.

Marc Peter Berger, U.S. Attorney's Office, New York, NY, for U.S.

David Patton, Federal Defender Services Unit, The Legal Aid Society, New York, NY, for Carlos Saltares.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Carlos Saltares ("Saltares") was arrested on November 18, 2003 during a search of his co-defendant's apartment (the "Apartment"), and was charged with possession of heroin with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. The search was conducted by federal agents from the Drug Enforcement Administration and detectives from the New York City Police Department, and it was made pursuant to a search warrant issued by a magistrate judge in this District. The warrant contains information that the Gov-

ernment claims it obtained from a confidential informant.

The Government's initial discovery materials to Saltares's counsel included redacted versions of the search warrant affidavits issued on November 18, 2003 for the search of the Apartment and on December 2, 2003 for the search of the contents of a cellular phone found during the search of the Apartment (collectively, the "Affidavits"). Saltares now requests an order from this Court directing the Government to provide unredacted copies of the Affidavits. Alternatively, Saltares asks the Court to conduct an *in camera* review of the Affidavits and order the release of all portions of the Affidavits that will not reveal the identity of the informant.

■ Federal Rule of Criminal Procedure 16 requires the Government to disclose to a defendant any document that is "material to preparing the defense." Fed. R.Crim.P. 16(a)(1)(E)(i). Despite that obligation, the Government is usually not required to disclose the identity of a confidential informant. *See United States v. Fields*, 113 F.3d 313, 324 (2d Cir.1997). This so-called "informer's privilege" is intended to encourage citizens to provide information to the Government about criminal activity in furtherance of public safety and effective law enforcement by preserving their anonymity, thereby protecting informants and their families from potential harassment and other serious harms. *See Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

The informer's privilege is not absolute. The Supreme Court has stated in general terms that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61, 77 S.Ct. 623. More specifically, the Supreme Court has instructed lower courts con-

fronted with an assertion of informer's privilege to consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62, 77 S.Ct. 623; *see also, United States v. Jackson,* 345 F.3d 59, 69–70 (2d Cir.2003).

The Second Circuit has stated that "disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense." *United States v. Saa,* 859 F.2d 1067, 1073 (2d Cir.1988); *see also, United States v. Santiago,* 174 F.Supp.2d 16 (S.D.N.Y.2001); *United States v. Belin,* No. 99 CR 214 (DAB), 2000 WL 679138, at *9–10 (S.D.N.Y. May 24, 2000).

■ Saltares argues that because the Government's paid informant is the primary source of information regarding Saltares's alleged illegal conduct, the identity and communications of the informant are relevant and helpful to his defense and are essential to evaluating the truthfulness of the Affidavits.

Pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a criminal defendant is allowed to challenge the issuance of a search warrant if he can make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155, 98 S.Ct. 2674.

Saltares does not claim to be making such a showing now. Instead, he asserts that he should receive unredacted copies of the Affidavits so that he may determine the viability of a challenge to them. He argues that because the bulk of the specific facts in the Affidavits which presumably established probable cause for the issuance

of the warrants were redacted in the discovery materials that the Government produced, he is presently unable to make even a preliminary showing that the affiant knowingly, intentionally, or recklessly included a false statement in the Affidavits. The difficulty is that the Government claims that the redacted information in the Affidavits will reveal to Saltares the identity of the confidential informant.[1]

The Court is mindful of Saltares's plight. But Saltares has not made a sufficiently specific showing under Fed.R.Crim.P. 16 that unredacted copies of the Affidavits are material to his defense at this stage of the proceedings to justify an order from this Court directing the Government to turn over information that it claims will reveal the identity of a confidential informant. The Court notes that it is not presently faced with a situation in which the defendant is attempting to discover the identity of a witness against him at trial. Here, Saltares is attempting to obtain the identity of the person who supplied the basis for a search warrant. Saltares has not made any assertion that the information in the Affidavits is likely to be false.

Saltares is not being prosecuted on the basis of any secret evidence. The indictment indicates the amount of heroin and the type of firearm that he allegedly possessed.[2] To convict Saltares of these charges, the Government will need to introduce evidence in open court that Saltares possessed the narcotics with the intent to distribute them and possessed the firearm in furtherance of a drug trafficking crime, and before trial the Government will have to provide Saltares with access to that evidence. At trial, Saltares will be free to cross examine any witnesses and object to the admission of any evidence. But at the present stage of the proceedings, the materiality to Saltares's defense of the unredacted Affidavits and the identity of the informant is low and the Government's interest in protecting the identity of its informant is high.

In any event, as Saltares requested, the Court has conducted an *in camera* review of the unredacted Affidavits. The redacted portions of the Affidavits describe certain interactions between Saltares and the informant. The Court is unable to disagree with the Government's assertions that the redacted portions of the Affidavits would provide sufficient information to Saltares to enable him to identify the informant.

### ORDER

For the reasons discussed above, it is hereby

ORDERED that defendant Carlos Saltares's request for an order directing the Government to produce unredacted copies of the search warrant affidavits issued on November 18, 2003 and December 2, 2003 is denied.

**SO ORDERED.**

---

1. The Affidavits do not contain the name of the informant, but they describe a meeting between the informant and Saltares that occurred in the Apartment. The Affidavits indicate the date of the meeting, the approximate amount of heroin that the informant observed, and other details of the meeting and of the informant's relationship with Saltares that the Government claims would reveal the identity of the informant to Saltares.

2. The indictment charges Saltares with possessing with the intent to distribute approximately 100 grams of heroin and possessing a 9–mm pistol.